UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80039-CR-ROSENBERG

UNITED STATES OF AMERICA,
    Plaintiff,

vs.

SUZANNE ELLEN KAYE,
    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART THE GOVERNMENT'S MOTION IN LIMINE [DE 54]

This Cause comes before the Court upon the United States' Motion *in Limine* ("the Motion") [DE 54]. Specifically, the Government seeks to preclude the Defendant from offering at trial ten videos from her social media accounts. The Court has reviewed the Motion and the Defendant's Response [DE 61]. For the following reasons, the Government's motion is **GRANTED** as to videos 4, 5, 7, and 8, but **DENIED** as to videos 1, 2, 3, 6, 9, and 10.[1]

### I.   BACKGROUND

In light of the Court's Order Granting the Government's Motion to Exclude Defense Expert [DE 83], the Court will assume a level a familiarity with the facts of this case. In short, the Defendant, Suzanne Kaye, is charged with violating 18 U.S.C. § 875(c) for allegedly threatening to harm agents of the Federal Bureau of Investigation. Ms. Kaye is active on social media (specifically TikTok and Instagram), and she often shares political content on those platforms, in

---

[1] The Court incorporates by reference the numbered list of the videos in the Government's Motion in Limine at DE 54.

addition to non-political content like food, recipes, etc. Ms. Kaye's social media presence is relevant here because the alleged threats giving rise to this action were originally shared via TikTok under the moniker @suzannekaye1.

The Government now seeks to preclude the admission of ten videos from Ms. Kaye's social media pages, on the grounds that (1) they are propensity evidence barred by Federal Rule of Evidence 404(a), (2) they are irrelevant to the charged conduct or any pertinent defense and therefore inadmissible under the Federal Rules of Evidence, and (3) even if the Court finds them to be relevant, their content risks confusing the issues in violation of Federal Rule of Evidence 403. The Defense seeks admission of all ten videos on the theory that they provide context for the video containing the alleged threat, demonstrate that the video consists of protected political speech, and evince that Ms. Kaye lacked the requisite criminal intent. The Court will review the admissibility of each video and address the parties' arguments.

## II.   DISCUSSION

The Court has broken the videos into two categories: (A) Videos made by or depicting the Defendant and (B) Videos made by others and reposted by the Defendant. The following videos were made by or depict the Defendant:

    1. "Angry Patriot Voter Poll" – December 9, 2020

    2. "Wake & Bake" – December 13, 2020

    3. "Still Alive at 55" – December 13, 2020

    6. "Shit's About to Get Real. Never Give Up" – January 7, 2021

    9. "My Korean Lunch" – February 6, 2021

    10. "Three Cups of Ghost Pepper Noodles" – February 8, 2021

The following videos were made by and depict persons other than the Defendant but were reposted by her:

    4. "Wake the F*** Up" – December 29, 2020

    5. "Yes, He's Still Your President" – December 30, 2020

    7. "F*** the Elites" – January 31, 2021

    8. "Honor & Respect Need a Good Cry" – January 31, 2021

With respect to Group A (videos depicting the Defendant), Defendant is permitted to admit them at trial. They are relevant because they depict Ms. Kaye engaging in speech of all kinds. Many of them depict her engaged in political speech (e.g., "Angry Patriot Voter Poll," "Shit's About to Get Real. Never Give Up"). And some of them have no bearing on politics—e.g., "My Korean Lunch" and "Three Cups of Ghost Pepper Noodles," which depict the Defendant eating what seems to be a rather spicy noodle dish. But each of these videos—political and apolitical alike—may help to contextualize the speech at issue in this case. They may allow the jury to place the video at issue in this trial within the broader spectrum of Defendant's online speech and understand it as it relates to her online persona. They are relevant under Federal Rule of Evidence 401 because they may bear on the Defendant's state of mind at the time of the charged offense, even if they weren't posted contemporaneously. And even the apolitical videos are relevant because they speak to her broader online persona or character. These videos may give insight into whether the Defendant intended for the post to be perceived as a true threat—an element of 18 U.S.C. § 875(c). *See* Eleventh Circuit Criminal Pattern Jury Instruction O30.3. As such, the evidence "has any tendency to make a fact more or less probable than it would be without evidence"—that is, her *mens rea*—and that fact is of the utmost consequence. Fed. R. Evid. 401.

The Government also argues that the videos are propensity evidence barred by Rule 404 because the Defendant would use them to show that because she conformed her behavior to the law on other occasions, she complied with the law on this occasion. The Court does not see how that would be character evidence, which is what Rule 404 applies to. But in any event, the Defendant does not plan to use the videos for this purpose. *See* DE 61 at 1 (stating that the videos "provide context for the jury to evaluate whether Ms. Kaye engaged in a 'true threat' or whether she engaged in protected political expression"). To the extent that the Government holds the position at trial that the videos are being used as evidence of Defendant's character and as propensity evidence, the Government may renew its objections at that time.

Lastly, the probative value of the videos in Group A is not *substantially* outweighed by the risk of confusing the issues or misleading the jury. Fed. R. Evid. 403. Certainly, some of the videos depict speech on politically sensitive issues. But that the jury may disagree with Ms. Kaye's political views does not mean that the jury cannot apply the law to the facts of this case. Nor will these videos mislead the jury. The Court sees no reason to think that the jury will be distracted or unable to render a fair verdict simply because they know Ms. Kaye's political views.

On the other hand, the Court hereby excludes Group B (videos not depicting the Defendant) pursuant to Rule 403 because the videos are cumulative evidence and because their probative value is substantially outweighed by the risk of misleading or confusing the jury. Group B videos do not depict the Defendant; instead, they are videos posted originally by other people portraying the views of other people. Ms. Kaye merely re-posted or re-shared these videos to her account. And although the act of re-posting could be seen as endorsement of the video's content, the Court is confident that the videos in Group A are sufficient to demonstrate Ms. Kaye's online activity. Any

sliver of incremental probative value is substantially outweighed by the fact that they are cumulative and because they would mislead or confuse the jury. Because the Court is admitting the videos in Group A, the Group B videos are duplicative. And because the Group B videos were not originally created by Ms. Kaye, nor do they depict her, there is a substantial risk that presenting videos of random third-parties may confuse the jury as to the issues in this case and mislead them into thinking the conduct or statements of non-parties have any bearing on Ms. Kaye's culpability here.

### III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that the Government's Motion in Limine is:

1. **GRANTED** as to the Group B videos (4, 5, 7, 8), but
2. **DENIED** as to the Group A videos (1, 2, 3, 6, 9, 10).

**DONE AND ORDERED** in chambers in West Palm Beach, Florida, this 23rd day of March, 2022.

*[signature]*
Robin L. Rosenberg
UNITED STATES DISTRICT JUDGE