UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-80039-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SUZANNE ELLEN KAYE,

    Defendant.

_____/

**ORDER DENYING THE DEFENDANT'S
MOTION FOR A REDUCED SENTENCE**

This cause comes before the Court upon the Defendant's Motion for a Reduced Sentence. DE 209.  The Government filed a Response. DE 219.  The Defendant filed a Reply. DE 220.  For the reasons set forth below, the Motion is denied.

The Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A)(i).  Under that provision, a court may reduce a term of imprisonment upon a finding of "extraordinary and compelling reasons." *Id.*  Extraordinary and compelling reasons that warrant a reduction include a serious physical or medical condition—or a serious functional or cognitive impairment—that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13.  Relatedly, the standard can be met when a defendant is suffering from a condition that requires long-term or specialized care that is not being provided "and without which the defendant is at risk of serious deterioration in health or death." *Id.*

In furtherance of her argument, the Defendant has provided evidence that she suffers from seizures.[1]  She argues that the BOP cannot properly care for her seizures and, as a result, she is at risk of death while in the BOP's care.  For its part, the Government cites to evidence that paints a different picture.

The Government points out that when the Defendant entered BOP custody, she informed staff that she did not have a history of seizures, and that she did not take seizure medication.  Shortly after the Defendant had her first seizure in BOP custody, the BOP gave the Defendant anti-seizure medication.  It continues to administer that medication to the Defendant in the present, however, BOP staff has noted that the Defendant had "seizure like activity, not consistent with seizures" and that the Defendant "was unwilling to allow further investigation." DE 219 at 5.  The Defendant has informed BOP staff that she does not want to take medication and that she would instead prefer to smoke cannabis. *Id.*  Finally, although the Defendant has been hospitalized on multiple occasions, she has also demonstrated that she is capable of caring for herself without assistance. *Id.* at 10.

In light of the conflicting evidence in the record, the Court's ultimate decision is based upon the "heavy burden" requiring the Defendant to show "an extraordinary and compelling" reason to justify release. *See Martinez v. U.S.*, No. 22-CV-407, 2023 WL 2308261, at *2 (D.N.M. Mar. 1, 2023).  The Court is not persuaded that the Defendant has met her burden to show that the BOP cannot care for her condition or that the Defendant cannot provide her own self-care.  In

---

[1] The Defendant has a long history (prior to incarceration) of both seizures and hospitalizations related to those seizures.

reaching this conclusion, the Court has based its decision in part on multiple cases its own research[2] revealed where seizure disorders were found to be insufficient to support a sentence reduction. *See U.S. v. Harwood*, No. 14-CR-10042, 2022 WL 1082371 (D.S.D. Apr. 11, 2022) (finding that a seizure disorder that resulted in burns while incarcerated was insufficient to prove an inability to provide self-care and compassionate release); *U.S. v. Wood*, No. 08-CR-026, 2021 WL 742869 (Feb. 25, 2021) (seizure disorder insufficient basis for compassionate release); *U.S. v. Kelly*, No. 15-CR-207, 2022 WL 1540413 (E.D. Tex. May 15, 2022) (seizure disorder insufficient basis for compassionate release).

For all of the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendant's Motion for a Reduced Sentence [DE 209] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of February, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[2] The Defendant does not analogize or rely upon compassionate release cases involving seizure disorders. The Court's own research did not reveal any case where a seizure disorder resembling the Defendant's disorder was sufficient to justify a compassionate release.