UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80039-CR-ROSENBERG

UNITED STATES OF AMERICA,
    Plaintiff,

v.

SUZANNE KAYE,
    Defendant.
_____/

**MOTION TO MODIFY CONDITIONS OF SUPERVISED RELEASE**

    The Defendant, Suzanne Kaye, by and through her undersigned counsel hereby files this motion to amend the conditions of supervised release in the above styled case. As grounds in support of this motion, she states the following:

    1.    On February 17, 2021, Suzanne Kaye made her initial appearance for one count of making a threat in violation of 18 U.S.C. § 875(c), and on April 21, 2021 this Court suspended drug testing because she used prescription medical marijuana to control her seizures. D.E. 5, 22. Mrs. Kaye was convicted at trial and served an 18 month prison sentence. She is now on supervised release.

    2.    Since her release from prison, Mrs. Kaye has been in regular communication with Heath Shur, her assigned United States Probation Officer (USPO), including regularly answering phone calls and appearing for drug tests as instructed.

    3.    Mrs. Kaye lives with her son and grandchildren. She remains disabled, but she assists in helping her family where she is able.

    4.    As the Court is aware, Mrs. Kaye suffers from a serious seizure disorder.

1

While she was incarcerated, she was prescribed various pharmaceuticals that did not prevent emergency hospitalizations and intubations. Mrs. Kaye also previously suffered in a coma when pharmaceuticals failed to control her seizures.

5. On June 17, 2024, Mrs. Kaye met with a medical doctor and was prescribed medical marijuana for her "Epilepsy and Post-Traumatic Stress Disorder." Mrs. Kaye is a "qualified patient" under Florida law and has been prescribed medical marijuana.[1]

6. Mrs. Kaye is waiting for Court approval to begin treating her disorders with medical marijuana. She is in compliance with her other terms of supervised release.

7. United States Probation Officer Shur advised that he does not object to this motion because Mrs. Kaye requests the marijuana for a medical reason approved by a doctor and she was compliant and successful during her pretrial release.

8. Other courts in this district have also made this adjustment to supervised release conditions. For example, Judge Bloom granted the use of medical marijuana in *United States v. Keshaun Reeves*, No 19-CR-60011, Paperless Order Granting Motion to Modify Conditions of Release (October 18, 2023) ("The Court modifies the conditions of Defendant's supervised release to remove the special condition of drug testing for marijuana and cannabinoids.") and *United States v. Alex Lubo*, No. 18-CR-60208, Judgement upon Violation of Supervised Release (October 18, 2019) ("The condition of drug testing shall no longer be a special condition.")

---

[1] "(m) 'Qualified patient' means a resident of this state who has been added to the medical marijuana use registry by a qualified physician to receive marijuana or a marijuana delivery device for a medical use and who has a qualified patient identification card." Fla. Stat. § 381.986(1)(m) (2023).

2

9. Similarly, in *United States v. Santiago Salcedo*, Judge Altonaga added a condition of supervised release requiring that, "The Defendant shall obtain a medical marijuana card within the next 60 days. During this time, the United States Probation Office shall not test the Defendant for marijuana use." *United States v. Santiago Salcedo*, No. 14-20286-CR-Altonaga, Judgement and Commitment upon Revocation of Supervised Release, D.E. 1377 (April 25, 2023).

10. In *United States v. Jean St. Cloud*, Judge Cooke instructed the USPO to not alert the court for any positive tests for marijuana as these results would not constitute a violation of supervision conditions. This decision was based on the defendant's health and possession of a medical marijuana card. *United States v. Jean St. Cloud,* No. 19-20846-CR-Cooke (May 20, 2020).

11. Defense counsel reached out to AUSA Mark Dispoto who objects to this motion.

WHEREFORE, the Defendant, Suzanne Kaye, respectfully requests this Court modify the conditions of her supervised release to remove the special condition of drug testing for marijuana and cannabinoids.

Respectfully submitted,

HECTOR A. DOPICO
Interim Federal Public Defender

*s/ Kristy Militello*
Kristy Militello
Assistant Federal Public Defender
Attorney for the Defendant
Florida Bar No. 0056366
250 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
(561) 833-6288 - Telephone
Kristy_Militello@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<em>s/ Kristy Militello</em><br>Kristy Militello